UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AF HOLDINGS, LLC | ) |
|           Plaintiff | ) |
| v. | ) Docket No. 11-CV-01274-RBW |
| DOES 1 -1140 | ) |
|           Defendants | ) |

*Leave to file is granted.*
*Judge Walton*
*12/7/11*

## MOTION TO QUASH OR MODIFY SUBPOENA

The undersigned John Doe, pro se, moves the Court, pursuant to Fed. R. Civ. P. 45(c)(3), and limits his appearance for the purposes of seeking an order quashing the subpoena served on the Internet Service Provider (ISP) COMCAST which is based out of Illinois. Specifically, this Motion is in response to the subpoena issued from the U.S. District Court for the Northern District of Illinois to Comcast Cable Holdings, LLC on September 9, 2011, seeking information relating to subscriber information of a certain IP address. That IP address is: 66.30.97.107.

The undersigned was not the direct recipient of the subpoena at issue in this case, but is instead an end user of the above ISP, and has standing to file this Motion to Quash pursuant to the right of protection of personal information, identity and privacy rights. See Stevenson v. Bostich, Inc., 201 F.R.D. 551, 555 (ND. Ga. 2001).

The documents provided to the Defendants by the Plaintiff are similar to many other such cases involving an interest by the Plaintiff to identify the owners of IP addresses who are alleged to have violated copyright laws by downloading material from the Internet through file sharing using various types of torrent protocols. A subpoena is issued to various Internet providers, such as Comcast, for the purpose of determining the identity of these individuals. Once the identity is revealed, the Plaintiff then subjects to individuals to a relentless campaign to collect money and force settlement to allegedly avoid a lawsuit. The reality however, supported by the argument put forward in this Motion, shows that the Plaintiff is abusing the discovery process and has no intention of actually moving forward with a lawsuit against 1,140 identified individuals. Though not specifically named in the Complaint, the potential Defendant Does are at a severe disadvantage in their ability to defend against this abuse, but for the filing of Motions like this one in an effort to prevent their identities from being revealed and having to deal with a

relentless extortion effort by the Plaintiff. Such limitation results in a minimized ability to defend against the subpoena, which offends the "traditional notions of fair play and substantial justice" as guaranteed by the U.S. Constitution.

Numerous cases of this nature have been filed and have either been dismissed or have had Defendants severed from the Complaint. Certain law firms make a business out of such type of ill conceived legal action and mass Defendant groupings. From accounts of previous Defendants of other actions by copyright infringement lawyers, such as Steele Hansmeier (the law firm that issued the subpoena in the present case), after massive subpoena notifications to internet providers, the identities of certain targeted IP addresses are released to the law firms. Once the Defendants' identities are revealed, demand letters from the Plaintiffs follow. Additionally, this is followed by persistent and unrelenting phone calls that occur contemporaneously with the issuance of the letters. These letters, which usually demand amounts in the area around $2500 - $3000 to avoid dealing with their lawsuit and their phone calls, are the main reason the undersigned is filing this motion anonomously.

Plaintiffs may argue that this Motion to Quash should be dismissed because of its anonymous filing. The reason for filing this Motion anonymously is because the undersigned fears retaliation by the Plaintiffs. As the Court noted in another similar case,

> "...When any of the defendants have filed a motion to dismiss or sever themselves from the litigation, however, the plaintiffs have immediately voluntarily dismissed them as parties to prevent the defendants from bringing their motions before the Court for resolution. This course of conduct indicates that the plaintiffs have used the offices of the Court as an inexpensive means to gain the Doe defendants' personal information and coerce payment from them. The plaintiffs seemingly have no interest in actually litigating the cases, but rather simply have used the Court and its subpoena powers to obtain sufficient information to shake down the John Does. Whenever the suggestion of a ruling on the merits of the claims appears on the horizon, the plaintiffs drop the John Doe threatening to litigate the matter in order to avoid the actual cost of litigation and an actual decision on the merits."
> See K-Beech, Inc. v. John Does 1-85 (Case 3:11cv469-JAG)

The undersigned has every indication, based upon the overwhelming similarity of the present Plaintiff with the dozens of other Plaintiffs engaged in exact situations with identical tactics, that this Plaintiff intends to do the very same thing. The record in these cases is well documented, as is further discussed *infra*.

By filing this motion, the undersigned draws the attention to the Plaintiff's questionable action of how they pursue this case. If this Motion was filed under a true name or a specific IP address, the undersigned fears it would be singled out by Plaintiffs for selective prosecution. The prosecution would not be because of the alleged copyright infringement, but to serve as an example to other defendants who do not settle with Plaintiffs regardless of guilt or innocence.

To cut Court costs while suing as many individuals as possible, Plaintiff's counsel, Timothy Anderson of Anderson & Associates, PC, by and through co-counsel such as Steele Hansmeier which issued the subpoena at bar, are using improper joinder in this mass lawsuit alleging intellectual property infringement. As reported before, this practice is not uncommon for similar Plaintiffs and such law firms as may represent them. The undersigned offers several examples of similar cases that have been dismissed.

In <u>CP Productions, Inc. v. Does 1-300</u> (Docket 1:2010cv06255), the Court notes before dismissal:

> [I]f the 300 unnamed defendants have in fact infringed any copyrights (something that this Court will assume to be the case, given the Complaint's allegations that so state), each of those infringements was separate and apart from the others. No predicate has been shown for thus combining 300 separate actions on the cheap -- if CP had sued the 300 claimed infringers separately for their discrete infringements, the filing fees alone would have aggregated $105,000 rather than $350.

Later, Judge Milton Shadur writes about Steele Hansmeier's (see Subpoena in present case) abuse of the litigation system "in more than one way" with its "ill-considered" lawsuit:

> This Court has received still another motion by a "Doe" defendant to quash a subpoena in this ill-considered lawsuit filed by CP Productions, Inc. ("CP") against no fewer than 300 unidentified "Doe" defendants - this one seeking the nullification of a February 11, 2011 subpoena issued to Comcast Communications, LLC. This Court's February 24, 2011 memorandum opinion and order has already sounded the death knell for this action, which has abused the litigation system in more than one way. But because the aggrieved Doe defendants continue to come out of the woodwork with motions to quash, indicating an unawareness of this Court's dismissal of this action, CP's counsel is ordered to appear in Court on March 9, 2011 at 9:00 a.m. Counsel will be expected to discuss what steps should be taken to apprise all of the targeted "Doe" defendants that they will not be subject to any further trouble or expense as a result of this ill- fated (as well as ill-considered) lawsuit.
> See <u>CP Productions, Inc. v. Does 1-300</u> (Docket 1:2010cv06255), which was dismissed as to ALL Doe defendants.

In another Steele Hansmeier case in Illinois (not unlike the case at bar), Judge Harold A. Baker writes in denying the motion for expedited discovery:

> Plainly stated, the Court is concerned that the expedited ex parte discovery is a fishing expedition by means of a perversion of the purpose of and intent of Fed. R. Civ. P. 23.
> See <u>VPR Internationale v. Does 1-1017</u> (Docket 2:2011cv02068)

In the Northern District of California, many cases of this type have been severed for improper joinder. Some examples are:

1. Pacific Century International LTD v. Does 1-101 (Docket 4:2011cv02533) where Does 2-101 were severed.
2. IO Group, Inc. v. Does 1-435 ( Docket 3:2010cv04382) where Does 2-435 were severed.
3. Diabolic Video Productions, Inc v. Does 1-2099 (Docket 5:2010cv05865) where Does 2-2099 were severed and the case was dismissed.
4. New Sensations, Inc v. Does 1-1768 (Docket 5:2010cv05864) where Does 2-1768 were severed.

In yet another case, filed in the Northern District of California, Judge Samuel Conti found the same joinder problems, and wrote in his order denying request for leave to take early discovery, "This Court does not issue fishing licenses." See Millennium TGA, Inc v. Does 1-21 (Docket 3:2011cv02258).

In a recent Order, dated September 6, 2011, Judge Bernard Zimmerman from the Northern District of California dismissed Does 2-5011 due to similar improper joinder. Judge Zimmerman stated the following in his Order:

> "This Court does not condone copyright infringement and encourages settlement of genuine disputes. However, Plaintiff's desire to enforce its copyright in what it asserts is a cost-effective manner does not justify perverting the joinder rules to first create the management and logistical problems discussed above and then to offer to settle with Doe defendants so they can avoid digging themselves out of the morass plaintiff is creating."
> See On The Cheap, LLC v. Does 1-5011 (Docket C10-4472 BZ).

## ARGUMENT

I.. Plaintiffs Have Improperly Joined 1,140 Individual Defendants Based on Entirely Disparate Alleged Acts.

Plaintiff's joinder of 1140 Defendants in this single action is improper and runs the tremendous risk of creating unfairness and denying individual justice to those sued. Mass joinder of individuals has been disapproved by federal Courts in both the well known recording industry (RIAA) cases and elsewhere. As one Court noted in a similar case to the one at bar:

> "Comcast subscriber John Doe 1 could be an innocent parent whose internet access was abused by her minor child, while John Doe 2 might share a computer with a roommate who infringed Plaintiffs' works. John Does 3 through 203 could be thieves, just as Plaintiffs believe, inexcusably pilfering Plaintiffs' property and depriving them, and their artists, of the royalties they are rightly owed. . . . Wholesale litigation of these claims is inappropriate, at least with respect to a vast majority (if not all) of Defendants."

> See BMG Music v. Does 1-203, 2004 WL 953888, at *1 (E.D. Pa. Apr. 2, 2004) where the Court severed 203 defendants).

The civil Court rules require that for parties to be joined in the same lawsuit, the claims against them must arise from a single transaction or a series of closely related transactions.

> "Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.
> See Fed. R. Civ. P. 20.

Thus, multiple defendants may be joined in a single lawsuit only when three conditions are met: (1) the right to relief must be asserted against them jointly, severally or in the alternative (2) the claim must arise out of the same transaction, occurrence, or series of transactions or occurrences, and (3) there must be a common question of fact or law common to all the defendants. Id.

Joinder based on separate but similar behavior by individuals allegedly using the Internet to commit copyright infringement has been rejected by Courts across the country. In one instance, the Court ordered severance of lawsuit against thirty-eight defendants where each defendant used the same ISP as well as some of the same P2P (Peer-to-Peer) networks to commit the exact same violation of the law in exactly the same way. The Court explained "Merely committing the same type of violation in the same way does not link defendants together for purposes of joinder." See LaFace Records, LLC v. Does 1-38, 2008 WL 544992, at *2. (E.D.N.C. Feb 27, 2008).

Additional examples of improper joinder in cases similar to the present case are:

1. BMG Music v. Does 1-4, (Docket 3:06-cv-01579-MHP, N.D. Cal. July 31, 2006), the Court *sua sponte* severed multiple Defendants in an action where the only connection between them was the allegation they used the same ISP to conduct copyright infringement.
2. Interscope Records, et al. v. Does 1-25, (Docket 6:04-cv-197-Orl-22DAB, M.D. Fla. Apr. 1, 2004) where the magistrate recommended *sua sponte* severance of multiple Defendants in an action where only connection between them was allegation they used the same ISP and P2P network to conduct copyright infringement.
3. BMG Music v. Does 1-203, 2004 WL 953888, at *1 (E.D. Pa. Apr. 2, 2004) where the Court severed 203 Defendants under a similar scheme.
4. General Order, In re Cases Filed by Recording Companies, filed in Fonovisa, Inc. et al. v. Does 1-41 (Docket A-04-CA-550 LY), Atlantic Recording Corporation, et al. v. Does 1-151 (Docket A-04-CA-636 SS), Elektra Entertainment Group, Inc. et al. v. Does 1-11 (Docket A-04-CA-703 LY); and UMG Recordings, Inc., et al. v. Does 1-51 (Docket A-04-CA-704 LY) (W.D. Tex. Nov. 17, 2004), where the Court dismissed all but first Defendant in each of four lawsuits against a total of 254 Defendants who were accused of unauthorized music file-sharing).

5.  Order Granting in Part and Denying in Part Plaintiffs' Miscellaneous Administrative Request for Leave to Take Discovery Prior to Rule 26 Conference, Twentieth Century Fox Film Corp., et al., v. Does 1-12, (Docket C-04-04862 (N.D. Cal Nov. 16, 2004) in copyright infringement action against twelve defendants, where the Court permitted discovery as to first Doe Defendant but staying case as to remaining Does until Plaintiff could demonstrate proper joinder.

Plaintiff may likely argue that, unlike the RIAA cases, its allegations here are based upon use of the Internet to infringe a single work. That does not change the legal analysis. Whether the alleged infringement concerns a single copyrighted work or many, it was committed by unrelated Defendants, at different times and locations, using different services, and most likely subject to different defenses. That attenuated relationship is not sufficient for joinder. See BMG Music v. Does 1-203, 2004 WL 953888, at *1.

II.  Plaintiffs Have Not Done Significant Investigative Effort to Justify Granting a Subpoena For Subscriber Information From the Internet Service Provider.

The Court should note the cursory effort Plaintiffs have taken to identify the true copyright infringers. As the IP address assigned to each Defendant does not equal culpability, simply going after the registered owner of the IP address is irresponsible. The registered user of the IP address only identifies the person who pays the Internet Service Provider (ISP) for Internet access.

There are multiple possibilities as to why a Defendant did not copyright infringe against Plaintiff. Possible reasons are: the person may be the head of household and have one or multiple computers in the house used independently by different family members and/or guests; the person's only computer/network was "hacked" by unauthorized personnel; Home WiFi connection was run "Open" and used by unauthorized personnel (neighbor, etc.); a guest at the defendant's residence used the network and defendant was not aware of the activity. Without additional investigative steps, innocent people are bound to be implicated in infringement activity and pressured to pay settlement amounts to make the threat of a federal law suit and undeserved public shame go away.

## CONCLUSION

The improper joining of 1,140 Doe Defendants into this one lawsuit raises serious questions of individual fairness and individual justice. As noted by previous Courts, the use of these cases and the judicial system as a means of obtaining subpoenas to issue settlement letters is well documented. Even when John Doe defendants choose not to settle, the Plaintiffs in these cases ultimately fail to name Defendants and start further Court actions. Many of these types of cases are kept open for as long as possible so the Plaintiffs can obtain as much settlement money as possible, before they voluntarily dismiss the case and move onto a new one. The record *supra* is well documented to this effect. There is a well documented history of these types of cases in the Federal Courts.

As Plaintiff appears to not intend to conduct further investigative effort and will likely send out settlement letters to Defendants, the undersigned respectfully requests the Court dismiss the subpoenas requiring the ISPs provide the subscriber information on all John Doe Defendants. Given the well documented history of these types of suits, the Court should consider the highly unlikely probability that these "fishing expeditions" are the prelude to a bona fide lawsuit where over a **THOUSAND** Defendants will be named and served process. The Plaintiff is well aware that conducting a proper claim against all of the Defendants would result in the potential of 1,140 summonses being issued. The thought of discovery, including interrogatories and depositions for all Defendants would be a staggering expenditure of money and time for both the Plaintiff and the Court. Therefore, it is likely that the Plaintiff is engaging in the very same tactics employed by similar Plaintiffs as discussed in this Motion, which is why such tactics have an abysmal success rate before the Bench.

In addition, the undersigned respectfully requests the Court sever Doe Defendants 2-1140 from this case, as there is no evidence to show that ALL the Doe Defendants acted together as required by Fed. R. Civ. P. 21, and are thus incorrectly joined.

The undersigned further requests such relief as the Court may deem just and proper.

Respectfully Submitted,

_____   Dated: _____
John Doe / IP 66.30.97.107
*Pro Se*

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Motion to Quash or Modify Subpoena was served on October 24, 2011 by first class mail to the following parties:

Lead Attorney for Plaintiff
Timothy Anderson, Esq.
Anderson & Associates, PC
2492 North Landing Road, Suite 104
Virginia Beach, VA  23456

Attorney for Plaintiff Issuing Comcast Subpoena
Steele Hansmeier, PLLC
161 North Clark Street, Suite 3200
Chicago, IL  60601

Internet Service Provider Subject To Subpoena
Comcast Cable Holdings, LLC
c/o CT Corporation System
208 South LaSalle Street # 814
Chicago, IL  60604
(Also by fax to 866-947-5587)


Submitted By:


_____                                          Dated: 10/27/11
John Doe / I.P. 66.30.97.107
*Pro Se*