## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                        )
AF HOLDINGS, LLC,                       )
                                        )
                    Plaintiff,          )
                                        )
v.                                      )          Civil Action No. 11-1274 (RBW)
                                        )
DOES 1 – 1140,                          )
                                        )
                    Defendants.         )
                                        )
_____)

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION TO QUASH OR MODIFY SUPBOENA

An anonymous individual ("Movant") claiming to be associated with Internet Protocol ("IP") address 66.30.97.107 filed a motion to quash or modify the subpoena issue to Comcast Cable Holdings, LLC ("Comcast") in this action. (ECF No. 26.) Movant argues that the Doe Defendants have been improperly joined in this case. (*Id.* at 4-6.) Movant further argues that Plaintiff has not performed a sufficient investigation to justify the issuance of the subpoena. (*Id.* at 6.) Finally, Movant makes several *ad hominem* attacks against Plaintiff's counsel. (*Id.* at 1-3, 6-7.) None of these arguments, however, are relevant to the legal standard for deciding whether to quash or modify a subpoena. *See* Fed. R. Civ. P. 45(c)(3).

### ARGUMENT

This brief consists of four parts. Part I argues that Movant's motion suffers from several fatal procedural defects. Part II argues that Movant's misjoinder argument is premature at this early stage of the litigation. Part III argues that Plaintiff has made a prima facie shoing that defendants did infringe Plaintiff's copyright. Part IV argues that Movant's *ad hominem* attacks cannot serve as a basis for quashing the subpoena.

## I.   MOVANT'S MOTION SUFFERS FROM SEVERAL FATAL PROCEDURAL DEFECTS

Movant's motion suffers from several fatal procedural defects. First, Movant's motion fails to comply with the basic requirements of Fed. R. Civ. P. 11. Second, Movant's motion was not brought before the correct court. Finally, Movant has entirely failed to raise arguments he has standing to make.

### A.  Movant's Motion Should be Denied For its Failure to Comply With Fed. R. Civ. P. 11

Movant fails to satisfy the requirements of Fed. R. Civ. 11. Rule 11 provides that "[e]very pleading, written motion, and other paper must be signed" and "must state the signer's address, e-mail address, and telephone number." Fed. R. Civ. P. 11(a). This rule is intended to maintain the integrity of the system of federal practice and procedure, deter baseless filings, and streamline the administration and procedure of federal courts. *Business Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 552 (1990); *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). "[P]arties to a lawsuit must typically openly identify themselves in their pleadings to ‗protect[] the public's legitimate interest in knowing all of the facts involved, including the identities of the parties.‖ *United States v. Microsoft Corp.*, 56 F.3d 1448, 1463 (D.C. Cir. 1995) (citing *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992)); *see also Qualls v. Rumsfeld*, 228 F.R.D. 8, 10 (D.D.C. 2005). The Honorable Judge William Alsup explained the importance of Rule 11's signature requirements in another copyright infringement case, *IO Group, Inc. v. Does 1–244*, No. C 10-03647 WHA (N.D. Cal. May 10, 2011): "There is no way to determine whether the motion was filed by a real party in interest or a stranger to the litigation. As such, the filing is improper. . . . If Possible John Doe wishes to appear in this action

anonymously or otherwise, he or she must follow the proper procedures for doing so." The same concerns are present here.

Allowing anonymous persons to litigate before a court raises many issues, including the risk that persons without any connection to a case whatsoever submit pleadings that affect the future course of litigation for actual parties to the case. Courts in other jurisdictions have applied this principle. *Hard Drive Productions, Inc., v. Does 1-21*, No. 11-cv-00059 SEB (S.D. Ind. July 27, 2011), ECF No. 22. ("[T]he Court cannot permit anonymous persons to litigate before it *pro se.*") *Pink Lotus Entertainment, LLC, v. John Does 1-53*, No. 11-cv-22103 (S.D. Fla. Sept. 6, 2011), ECF No. 19 (Striking a motion to dismiss because the anonymous John Doe failed to comply with Rule 11 of the Federal Rules of Civil Procedure). Movant fails to provide a name, address, e-mail address, telephone number, or even a copy of any legal documents (such as the subpoena) he has received in this case. This Court cannot be sure that Movant has any legal status in this case. Movant could be anyone— perhaps someone who simply dislikes copyright infringement lawsuits. Movant could claim anything he wanted in a Motion and face no responsibility for what was asserted. The Court has a responsibility to the parties in a lawsuit to protect them from baseless accusations and unnecessary litigation. *Hard Drive Productions, Inc.*, No. 11-cv-00059 ("The Court must be informed as to the identity of the parties before it for whole host of good reasons, including but not limited to the need to make service of its orders, enforce its orders, and ensure that the Court's resources (and the public tax dollars that fund those resources) are not misspent on groundless litigation.") The Court should deny Movant's motion for failure to comply with an essential rule.

///

///

**B.  Movant's Motion Should be Denied Because it Was Brought Before an Incorrect Court**

Federal courts do not have statutory authority to quash or modify a subpoena issued from another district. Fed. R. Civ. P. 45(c)(3)(A) ("On timely motion, the *issuing court* must quash or modify a subpoena that . . .") (emphasis added); *In re Sealed Case*, 141 F.3d 337, 341 (D.C. Cir. 1998) ("only the issuing court has the power to act on its subpoenas . . . and nothing in the rules even hints that any other court may be given the power to quash or enforce them."); *Pacific Century International, Ltd., v. Does 1-30*, No. 11-3035 (S.D. Tex. Nov. 16, 2011), ECF No. 10 ("[t]he authority to rule on motions regarding subpoenas is vested in the court for the district from which they are issued.").

Movant's ISP is Comcast (ECF No. 26 at 1.) The subpoena to Comcast was issued from the Northern District of Illinois to best facilitate service on authorized agents. *See In re Sealed Case*, 141 F.3d at 342 (writing that the vesting of powers regarding subpoenas in the subpoena-issuing court "affords the nonparty deponent . . . territorial protection"). Although the authorization to serve Rule 45 subpoenas comes from this Court, the power to quash or enforce those subpoenas lies solely with the courts from which the relevant subpoenas were issued. *SEC v. CMKM Diamonds, Inc*., 2011 U.S. App. LEXIS 17833, *7-8 (9th Cir. Aug. 26, 2011) ("On the basis of the clear language of Rule 45, we must hold that the court that issued the subpoena, and not the court where the underlying action is pending, can entertain a motion to quash or modify a subpoena.").

Further, district courts generally lack authority to transfer motions to quash to another district. *In re Sealed Case*, 141 F.3d at 341; *see also IO Group v. J.W.*, No. C-10-05821, 2011 WL 237673, at *1 (N.D. Cal. Jan. 24, 2011) (citing *In re Sealed Case* in concluding that the motion to quash failed because it was not filed in the proper court). Because Movant failed to

bring the motion before the court that issued the subpoena, his motion to quash the subpoena must be denied.

### C.  Movant Lacks Standing to Raise the Arguments Made in his Motion to Quash

Movant's motion to quash should be denied because he lacks standing to bring it. When a subpoena is directed to a nonparty, any motion to quash or modify the subpoena generally must be brought by that nonparty. 9 James Wm. Moore, et al., *Moore's Federal Practice* § 45.50[3]; *see also Vogue Instrument Corp v. LEM Instruments Corp.*, 41 F.R.D. 346, 348 (S.D.N.Y. 1967) (explaining that persons "who were neither the persons to whom subpoenas were directed nor in possession or control of the documents sought by subpoena *duces tecum* lacked standing to move to quash the subpoenas.") All subpoenas issued pursuant to the Court's September 8 Order (ECF No. 4) have been issued to nonparty Internet Service Providers ("ISPs"). The ISP that provides Internet access to Movant is the entity to which the specific subpoena at issue was directed, and the ISP is also the entity in possession and control of the information sought in the subpoena—not Movant.

The application of this well-established rule does not leave Movant without recourse, as there are exceptions to this general rule. The exhaustive list of situations in which a court may quash or modify a subpoena is set forth in Fed. R. Civ. P. 45(c)(3). The only exception applicable to Movant is if he had brought the motion to quash on the basis that the subpoena "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(c)(3)(A)(iii). "If . . . a party claims a personal right or privilege regarding the production . . . sought by a subpoena directed to a nonparty, the party has standing to move to quash or modify the subpoena." *Moore's Federal Practice* § 45.50[3]; *see also Thomas*, 202 F.R.D. at 434. Movant failed to claim a personal right of privilege anywhere in his motion (*See*

*generally* Motion to Quash.) Movant's motion should therefore be denied, as he lacks standing to bring any argument to quash or modify the subpoena.

## II.     MOVANT'S MISJOINDER ARGUMENTS ARE PREMATURE AT THIS EARLY STAGE OF THE LITIGATION

Movant argues that Plaintiff has improperly joined the Doe Defendants in this case. (ECF No. 26 at 4-6.) However, courts nationwide have rejected challenges to joinder at this early stage of the litigation in similar copyright infringement cases. *See* Order*, Imperial Enters., Inc. v. Does 1–3,145,* No. 11-529 (RBW) (D.D.C. Aug. 30, 2011) (Walton, J.), ECF No. 43. *Hard Drive Productions, Inc., v. Does 1-46*, C-11-1959 EMC (N.D. Cal. June 23, 2011) (Chen, J.), ECF No. 22 at *2 ("[a]t this state in the litigation, when discovery is underway only to learn identifying facts necessary to permit service on Doe defendants, joinder of unknown parties identified only by IP addresses is proper") (citing *Voltage Pictures, LLC v. Does*, No. 10-873 (BAH), 2011 U.S. Dist. LEXIS 50787, at *29 (D.D.C. May 12, 2011)); *First Time Videos, LLC, v. Does 1-76*, 11 C 3831 (N.D. Ill. (Aug. 16, 2011) (Bucklo, J.), ECF No. 38 at *10 ("[I]n any event, findings of misjoinder in such cases are rare. The overwhelming majority of courts have denied as premature motions to sever prior to discovery"); *Hard Drive Productions, Inc., v. Does 1-46*, C-11-1959 EMC, ECF No. 22 at *2 (N.D. Cal. June 23, 2011) ("At this state in the litigation, when discovery is underway only to learn identifying facts necessary to permit service on Doe defendants, joinder of unknown parties identified only by IP addresses is proper."); *First Time Videos, LLC v. Does 1-500*, 10 C 6254, 2011 WL 3498227 (N.D. Ill. Aug. 9, 2011) (Castillo, J.), ECF No. 151 at *20-21 ("joinder at this stage is consistent with fairness to the parties and in the interest of convenience and judicial economy because joinder will secure the just, speedy, and inexpensive conclusion for both [Plaintiff] and any future named defendants"); *MCGIP, LLC v. Does 1-14*, 11 C 2887 (N.D. Ill. July 26, 2011) (Lindberg, J.), ECF No. 19 (finding the movant's

misjoinder argument premature because defendants had not yet been named in the case).
Movant's arguments provide no reason to depart from these decisions.

In support of his misjoinder argument, Movant offers up numerous cases involving
different file transfer protocols, different pleadings and different procedural contexts. The
decisions in *BMG Music v. Does 1-4*, 2006 U.S. Dist. LEXIS 53237, No. 06-01579 (N.D. Cal.
2006), *Laface Records, LLC v. Does 1-38*, 2008 U.S. Dist. LEXIS 14544 (E.D.N.C. 2008), and
*Interscope Records v. Does 1-25*, 2004 U.S. Dist. LEXIS 27782 (M.D. Fla. 2004), *BMG Music v.
Does 1-203*, 2004 WL 953888 (E.D. Pa. Apr. 2, 2004), and General Order, *In re Cases Filed by
Recordings Companies*,[1] all cited by Movant (ECF No. 26 at 5), differ greatly from the present
case. The plaintiffs in these cases did not allege any collaboration among the defendants, much
less infringement of the *same copyrighted work*, and appropriately so. The infringers in the cases
cited by Movant infringed on different files belonging to different copyright holders, which
would undermine the case for collaboration. For example, in *BMG Music v. Does 1-4*, Doe #2
was alleged to have infringed on recordings by MC Lyte, LL Cool J, Mariah Carey and Busta
Rhymes, while Doe #3 was alleged to have infringed on recordings by Ideal, Kelly Price, Mary J.
Blige, Pink, SWV and Usher– no overlap whatsoever. Complaint for Copyright Infringement,
Exhibit A, No. 3:06-cv-01579, ECF No. 1. This is in stark contrast to Plaintiff's pleading where
it is exhaustively alleged that the Defendants infringed on the exact same file, containing the
exact same copyrighted work, from the exact same copyright holder.

The cases cited by Movant are further distinguishable because they all involved the
FastTrack, and not the BitTorrent, protocol. FastTrack was an early peer-to-peer transfer

---

[1] Filed in *Fonovisa, Inc. et al. v. Does 1-41* (No. A-04-CA-550 LY), *Atlantic Recording Corporation, et al. v. Does
1-151* (No. A-04-CA-636 SS), *Elektra Entertainment Group, Inc. et al. v. Does 1-11* (No. A-04-CA-703 LY), *UMG
Recordings, Inc., et al. v. Does 1-51* (No. A-04-CA-704 LY) (W.D. Tex. Nov. 17, 2004) and *Twentieth Century Fox
Film Corp. v. Does 1-12*, No. C 04-04862 WHA (N.D. Cal. 2004).

protocol. *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.* 545 U.S. 913, 921 (2005); *see
also* Jessica Wood, A Digital Copyright Revolution, XVI Rich. J.L. & Tech. 14, 21ó27 (2010),
http://jolt.richmond.edu/v16i4/article14.pdf (discussing evolution of file-sharing protocols from
centralized networks to õsemi-distributed hybrid systems, such as the FastTrack protocolö to
fully-distributed protocols, such as BitTorrent, which õmake collaboration [among users]
mandatoryö).  Despite its name, FastTrack was slow and inefficient. Unlike BitTorrent, which
breaks up a file into small, easily shareable pieces, FastTrack operated using whole files. Unlike
BitTorrent users, who can receive many pieces of a given file from hundreds of different users,
FastTrack users could only download from one person at a time. Unlike BitTorrent users, who
start uploading as soon as they receive any part of the file, FastTrack users had to wait until fully
completing a download before they could begin uploading. Unlike the BitTorrent protocol,
FastTrack severely limited the uploadô and thus, distributionô capabilities of a user because it
operated using whole files, not pieces. Unlike the BitTorrent protocol, FastTrack never had
swarms that required the cooperation and concerted action of many users; it only had individuals.
Therefore, the plaintiffs in the cases cited by Movant could only allege violations of the same
law by using the same means. *See, e.g.*, Complaint for Copyright Infringement, ¶ 20, *LaFace
Records*, No. 07-cv-00298, 2007 WL 4717470 (Aug. 8, 2007) (õ[E]ach Defendant is alleged to
have committed violations of the same law (e.g., copyright law), by committing the same acts
(e.g., the downloading and distribution of copyrighted sound recordings owned by Plaintiffs),
and by using the same means (e.g., a file-sharing network) that each Defendant accessed via the
same ISP.ö)

   Movant cites to several more cases that are inapplicable to the present case. Movant cites
to an order from the Honorable Judge Baker in *VPR Internationale, v. Does 1-1017*, 11 C 2068,

2011 U.S. Dist. LEXIS 64656 (N.D. Ill. Apr. 29, 2011). (Motion to Quash ¶ 24.) What Movant
fails to tell the Court was that this case was decided in the context of a motion for discovery in a
class action case. This motion involved entirely different issues (e.g. whether a class action
procedural framework could *possibly* be used to pursue anonymous copyright infringers). *See
Order on Petition for Writ of Mandamus, In re: VPR Internationale*, No. 11-2257 (7th Cir. June
10, 2011). This analysis is inapplicable to this case, which does not involve class allegations.
Movant also cites to *Millennium TGA, Inc. v. Does 1-21*, 11-cv-2258 (N.D. Cal. May 12, 2011)
ECF No. 8. However, this case is inaccurately cited, because the court in that case ultimately
*granted* the plaintiff's discovery request without severing any parties. *Millennium TGA, Inc. v.
Does 1-21*, 11-cv-2258, ECF No. 14.

     Finally, the exclusive remedy for misjoinder is severance and not the quashing of a
subpoena. Rule 21 vests courts with the power to sever cases, but it does not vest courts with the
power to quash subpoenas. Fed. R. Civ. P. 21 Instead, this power— and its limits— are set forth in
Fed. R. Civ. P. 45. Plaintiff would continue to seek the information sought in its subpoenas
because the information would continue to be relevant to the instant case even if it was only to be
prosecuted against a single Doe Defendant. For example, the severed Does may be potential
witnesses in the case against the single Doe and the information they possess would help
establish damages for the single Doe.

### III.    PLAINTIFF HAS MADE A PRIMA FACIE SHOWING THAT DEFENDANTS DID INFRINGE PLAINTIFF'S COPYRIGHT

     Movant argues that because Plaintiff does not know the identity of the infringer, Plaintiff
should not be allowed access to the information it seeks in its subpoena. (ECF No. 26 at 6.) This
argument must give way to Plaintiff's showing of good cause to obtain discovery and its prima
facie showing of copyright infringement. This Court has already determined that Plaintiff has

met its threshold burden to obtain further information about the Doe Defendants. *See* Order, *AF Holdings v. Does 1-1,140,* No. 11-1274 (RBW) (D.D.C. Sept. 8, 2011) (Walton, J.), ECF No. 4. As more fully explained in Plaintiff's Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference [ECF No. 3], Plaintiff identified the unique IP address for each Defendant, along with the date and time of alleged infringement and ISP that provided Internet access to each Defendant and assigned the unique IP address to the Defendant. *See id.* This information was obtained proprietary infringement monitoring software. *See id.* However, Plaintiff is unable to obtain the true identity of the Doe Defendants without issuing subpoenas to the non-party ISPs, and the Defendants must be identified before this suit can progress further. *See id.* Further, Plaintiff has made a prima facie evidentiary showing that the IP addresses it has identified and subpoenaed to various ISPs, including Movant's ISP, did make an unlawful redistribution of Plaintiff's copyrighted work on a specific date and time. *See id.* Movant's arguments must give way to Plaintiff showing of good cause and a prima facie showing of copyright infringement.

## IV.   MOVANT'S *AD HOMINEM* ATTACKS ON PLAINTIFF DO NOT PROVIDE A BASIS FOR QUASHING THE SUBPOENA

Movant accuses Plaintiff and Plaintiff's counsel of subjecting "individuals to a relentless campaign to collect money and force settlement to allegedly avoid a lawsuit" (ECF No. 26 at 1), of committing "relentless extortion" (*id.*), and describes the current litigation as a "fishing expedition" (*id*. at 7.) Not only does Movant fail to provide any evidence for these vicious claims, but the list of permissible grounds for quashing or modifying a subpoena does not include *ad hominem* attacks. *See* Fed. R. Civ. P. 45(c)(3).

Movant goes so far as to make demonstrably false statements. First, Movant claims that Plaintiff will force Defendants into settling and "has no intention of actually moving forward with a lawsuit against [the Defendants]." (ECF No. 26 at 1.) Plaintiff does not, and cannot, force

anyone into settling. Given the busy dockets of federal courts nationwide, settlements are a favored method to resolve legal disputes. However, some parties elect to litigate copyright claims, such as those brought by Plaintiff. *See e.g., First Time Videos, LLC v. Mike Younger*, 11-cv-3837 (N.D. Ill. Dec. 30, 2011), ECF No. 26; *Boy Racer, Inc. v. Philip Williamson*, 11-cv-3072 (E.D. Cal. Dec. 12, 2011), ECF No. 7.

Second, Movant cites to *K-Beech, Inc. v. John Does 1-85*, 11-cv-00469 (E.D. Va. 2011), ECF No. 9 for the proposition that Plaintiff will dismiss Movant (or any other individual) once they file a motion to quash in this case. (ECF No. 26 at 2.) Plaintiff has already responded to multiple motions to quash in this action.

Over 200 years ago, the framers of the U.S. Constitution recognized that written works and other forms of artistic expression were deserving of legal protection. U.S. Const. art. I, § 8. These fundamental principles regarding protecting and fostering artistic creation did not disappear simply because artistic works have transitioned from tangible to digital. *See Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 928́629 (2005) (citing the concern that ȭdigital distribution of copyrighted material threatens copyright holders as never beforeö). The digital age, however, has allowed infringement to occur on a massive scale. Plaintiff is attempting to stem the tide of unabashed copyrighted infringement via BitTorrent. While Movant goes to great lengths to portray Plaintiff in a negative light, there is nothing wrong with a company protecting its intellectual propertyô  except, of course, from the perspective of an infringer.

[intentionally left blank]

Respectfully submitted,

AF HOLDINGS, LLC

**DATED:** January 9, 2012

By:       /s/ Timothy V. Anderson
    TIMOTHY V. ANDERSON (D.C. Bar # 467166)
    Anderson & Associates, PC
    2492 N. Landing Road, Suite 104
    Virginia Beach, VA 23456
    Telephone: (757) 301 ó 3636
    Facsimile: (757) 301 - 3640
    E-mail: timanderson@virginialawoffice.com
    *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 9, 2012, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system and a true and correct copy of the foregoing was sent via first-class mail to the following:

Saliha Hadziomerovic
719 E. Sierra Ave.
Spokane, WA 99208

Marcus J. Truesdale, Sr.
Karen N. Truesdale
10218 W Oregon Ave.
Glendale, AZ 85307

Rimbaud (Rim) N. Boltong
2055 Montrose Dirve
East Point, GA 30344

Maria Reyes
Timothy Drewno
196 Ingalls St., #103
Lakewood, CO 80226

William C. Vergo
1303 Fifth St.
Tillamook, OR 97141

Kasturi Thangri
74 Cotton Street
Jersey City, New Jersey 07306


  /s/ Timothy V. Anderson  
TIMOTHY V. ANDERSON