**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                     )
AF HOLDINGS LLC,             )
                                     )
           Plaintiff,        )
                                     )
      v.                             )      Civil Action No. 11-1274 (RBW)
                                     )
DOES 1 – 1140,               )
                                     )
           Defendants.   )
_____)

**ORDER**

AF Holdings LLC, the plaintiff in this civil lawsuit, seeks an award of damages, injunctive relief, and attorneys' fees against 1,140 unidentified putative defendants for alleged copyright infringement under the Copyright Act of 1976, 17 U.S.C. §§ 501-505 (2006). Complaint ("Compl.") ¶¶ 13-15. Specifically, the plaintiff represents that it "brings this action to stop [the putative d]efendants from copying and distributing to others over the Internet authorized copies of [its copyrighted] Work, to which [the p]laintiff is the assignee and the owner of all right, title[,] and interest worldwide." Id. ¶ 6. When the complaint was filed, the "true names of [the putative d]efendants [were] unknown to the [p]laintiff," and they were only "known to [the p]laintiff . . . by the [i]nternet [p]rotocol . . . address assigned to that [putative d]efendant by his or her [i]nternet [s]ervice [p]rovider on the date and . . . time at which the [alleged] infringing activity of each [putative d]efendant was observed." Id. ¶ 8. Consistent with this Court's prior practice in similar copyright infringement actions, the undersigned granted the plaintiff leave on September 8, 2011, to "conduct immediate discovery" in this case "by serving the internet service providers . . . with a subpoena under Federal Rule of Civil Procedure 45 for the purpose of identifying each Doe defendant, such as the individual's name, current and

permanent address, telephone number, e-mail address, and Media Access Control Address." September 8, 2011 Order at 1, AF Holdings, LLC v. Does 1-1140, No. 11-cv-1274 (RBW) (D.D.C.). The Court also required the internet service providers, once they were served with a subpoena, to give their subscribers notice "of their right to challenge the subpoena in this Court." Id. at 2.

The subscribers did not hesitate to exercise that right, as the Court was subsequently inundated with motions by the putative defendants to prevent the plaintiff from acquiring their personal information. The various putative defendants have raised largely the same arguments in these motions, which can be summarized as follows: (1) the putative defendants have been improperly joined in this action because the plaintiff's claims against them do not arise out of the same transaction, occurrence, or series of transactions or occurrences; (2) the subpoenas should be quashed or the complaint dismissed because the Court lacks personal jurisdiction over the putative defendants; (3) the subpoenas should be quashed or the complaint dismissed because the putative defendants did not engage in the downloading or uploading activity alleged in the complaint; (4) the subpoenas should be quashed because they impose an undue burden on the putative defendants; and (5) the putative defendants should be permitted to submit their filings under seal and proceed anonymously in this action to protect their identities from the plaintiff.

This Court has previously rejected each of these arguments in a similar copyright infringement action, see August 30, 2011 Order, Imperial Enterprises, Inc. v. Does 1-3,145, Civil Action No. 11-529 (RBW) (D.D.C.) ("August 30, 2011 Order"), and it discerns no reason to depart from those rulings. Rather than repeating its prior rulings verbatim, the Court will direct the parties to its August 30, 2011 Order, and provide the following summary explanation for its denial of the putative defendants' motions.

The putative defendants' misjoinder argument fails because the standard for permissive joinder under Federal Rule of Civil Procedure 20(a)(2) has been satisfied.  August 30, 2011 Order at 3.  First, the infringing activity alleged in the complaint arises out of the same series of occurrences or transactions, as the putative defendants are alleged to have infringed the plaintiff's copyrighted material by being a part of a "swarm" that provides "a new file downloader [with] a different piece of data from each user who has already downloaded the file that together comprises the whole."  Compl. ¶ 3; see August 30, 2011 Order at 3-4.  Second, the plaintiff's claims against the putative defendants involve a common question of fact because the plaintiff has alleged that the putative defendants have used the BitTorrent file sharing protocol to illegally download and distribute the copyrighted movie; thus, there are "factual[ly] related issues [as] to how [the] BitTorrent protocol works and the methods used by the plaintiff to investigate, uncover and collect evidence about the infringing activity will be essentially identical for each putative defendant."  August 30, 2011 Order at 4-5 (internal quotation marks and citation omitted; alterations in original).  Third, there are common issues of law in this case because the plaintiff will have to "establish against each putative defendant the same legal claims concerning the validity of the copyrights in the movies at issue and the infringement of the exclusive rights reserved to the plaintiff[] as [the] copyright holder[]."  Id. at 5 (internal quotations marks and citations omitted; alterations in original).

Regarding the putative defendants' jurisdictional and merits arguments, these arguments are prematurely raised because the putative defendants are not named as defendants in this lawsuit and may never be named as defendants.  Id. at 8.  If the plaintiff amends its complaint to name the putative defendants as defendants, they could at that time move for dismissal of the complaint on jurisdictional or merits-based grounds.  Id.

The putative defendants' contention that the subpoena imposes an undue burden on them is likewise unavailing because "it is the internet service providers, not the putative defendants, who are required to respond to the subpoena.  Thus, the putative defendants have no standing to raise these claims."  Id. (collecting cases).

As for the putative defendants' attempts to seal their motions to prevent the plaintiff from learning information about them and to proceed anonymously, these requests must be denied for several reasons.  First, while the putative defendants have a reasonable expectation of privacy as to their personal information, "[d]isclosure of the parties' identities furthers the public interest in knowing the facts surrounding judicial proceedings," and this matter does not fit "into the narrow class of cases where a party should be permitted to proceed anonymously."  Id. at 5-6 (internal quotation marks and citations omitted; alteration in original).  Second, based on its copyright ownership claim, the plaintiff has alleged a sufficient need for the putative defendants' personal information, and this need outweighs any First Amendment right of the putative defendants to utilize anonymously the BitTorrent technology.  Id. at 7.  Third, because the Court finds that "the plaintiff is entitled to acquire the putative defendants' personal identifying information from the various internet service providers," id. at 7 n.3, "there is no justification for . . . sealing [the putative defendants'] motions in order to make them unavailable to the plaintiff and the public," October 18, 2011 Order at 8, Imperial Enterprises, Inc. v. Does 1-3,145, Civil Action No. 11-529 (RBW) (D.D.C.).

For the foregoing reasons, the putative defendants' requested relief must be denied.  Accordingly, it is

**ORDERED** that the putative defendants' motions to dismiss the complaint for misjoinder are **DENIED**.  It is further

**ORDERED** that the putative defendants' motions to dismiss the complaint or quash the subpoenas for lack of personal jurisdiction are **DENIED** without prejudice.  It is further

**ORDERED** that the putative defendants' motions to dismiss the complaint or quash the subpoenas because they did not engage in the downloading or uploading activity alleged in the complaint are **DENIED** without prejudice.  It is further

**ORDERED** that the putative defendants' motions to quash the subpoena because the subpoena fails to provide a reasonable time for compliance and otherwise imposes an undue burden on the putative defendants are **DENIED**.  It is further

**ORDERED** that the putative defendants' motions to proceed anonymously and to seal their filings in this case for the purpose of concealing their personal identifying information from the plaintiff are **DENIED**.  It is further

**ORDERED** that the plaintiff's motion for a clarifying order regarding the status of the motions to quash in this action is **DENIED** as moot.  The plaintiff is advised that, as a consequence of the foregoing rulings, no motions to quash remain pending in this action.  It is further

**ORDERED** that the Clerk of Court shall **UNSEAL** any filing submitted under seal in this case.  It is further

**ORDERED** that the plaintiff shall file a status report on February 6, 2012, indicating the expected completion of the limited discovery authorized by this Court's September 8, 2011 Order.

**SO ORDERED** this 30th day of January, 2012.

                                        REGGIE B. WALTON
                                        United States District Judge