# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AF HOLDINGS, LLC,  )<br>  )<br>   Plaintiff,  )<br>  )<br>v.  )<br>  )<br>DOES 1 – 1140,  )<br>  )<br>   Defendants.  )<br>  ) | Civil Action No. 11-1274 (RBW) |

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION TO QUASH, VACATE OR MODIFY SUPBOENA

Hong Manivong ("Movant") filed a motion to quash the subpoena issued to his Internet Service Provider ("ISP"), Comcast Cable Holdings, LLC ("Comcast"). (ECF No. 31.) Movant argues that the subpoena should be quashed because Plaintiff "fail[ed] to allow a reasonable time to comply with" the subpoena (*id.* ¶ 1), the subpoena requires Movant "to travel more than 100 miles from where he resides, is employed, or regularly transacts business" (*id.* ¶¶ 2, 4), the subpoena seeks information that "is protected as confidential, privileged, or other protected matter" (*id.* ¶¶ 3, 5), and the information sought in the subpoena is not "relevant to the subject matter of any claim or defense asserted in this litigation nor likely to lead to the discovery of admissible evidence." (*Id.* ¶ 6.) Movants arguments are misplaced, however, because the subpoena was issued to his ISP and not Movant. Movant is not required to comply with the subpoena or travel as a result of the subpoena in any way. Further, Plaintiff's subpoena does not seek any "confidential, privileged, or other protected matter" and the information sought is highly relevant to Plaintiff's claims of copyright infringement and civil conspiracy.

**ARGUMENT**

This brief consists of four parts. Part I argues that Movant has brought his motion before the wrong court. Part II argues that Movant's burden arguments are misplaced because Movant is under no obligations as a result of the subpoena. Part III argues that Plaintiff's subpoena does not seek any confidential, privileged, or other protected matter. Part IV argues that the information sought in the subpoena is highly relevant to Plaintiff's claims.

### I.     MOVANT'S MOTION IS NOT BEFORE THE PROPER COURT

Federal courts do not have statutory authority to quash or modify a subpoena issued from another district. Fed. R. Civ. P. 45(c)(3)(A) ("On timely motion, the *issuing court* must quash or modify a subpoena that . . .") (emphasis added.) *See also In re Sealed Case*, 141 F.3d 337, 341 (D.C. Cir. 1998) ("only the issuing court has the power to act on its subpoenas . . . and nothing in the rules even hints that any other court may be given the power to quash or enforce them."); *IO Group v. J.W.*, No. C-10-05821, 2011 WL 237673, at *1 (N.D. Cal. Jan. 24, 2011) (citing *In re Sealed Case* in concluding that the motion to quash failed because it was not filed in the proper court); *Pacific Century International, Ltd., v. Does 1-30*, No. 11-3035 (S.D. Tex. Nov. 16, 2011), ECF No. 10 ("[t]he authority to rule on motions regarding subpoenas is vested in the court for the district from which they are issued."). Movant's ISP is Comcast. (*See* ECF No. 31 at 1.) The subpoena to Comcast was issued from the Northern District of Illinois to best facilitate service on authorized agents. *See In re Sealed Case*, 141 F.3d at 342 (writing that the vesting of powers regarding subpoenas in the subpoena-issuing court "affords the nonparty deponent . . . territorial protection"). Although the authorization to serve Rule 45 subpoenas comes from this Court, the power to quash or enforce those subpoenas lies solely with the courts from which the relevant subpoenas were issued. *SEC v. CMKM Diamonds, Inc.*, 2011 U.S. App. LEXIS 17833, *7-8 (9th

Cir. Aug. 26, 2011) ("On the basis of the clear language of Rule 45, we must hold that the court that issued the subpoena, and not the court where the underlying action is pending, can entertain a motion to quash or modify a subpoena.") Because Movant failed to bring the Motion before the court that issued the subpoena, this Court lacks the statutory authority to quash the subpoena at issue in this case.

## II. MOVANT CANNOT CREDIBLY CLAIM THAT COMCAST'S COMPLIANCE WITH THE SUBPOENA WOULD BURDEN HIM

Movant makes two arguments claiming that Plaintiff's subpoena has caused him a burden: that the subpoena did not give him adequate time to respond to it (ECF No. 31 ¶ 1), and that the subpoena required him to travel more than 100 miles. (*Id.* ¶¶ 2, 4.) Neither of these arguments are accurate, however, because Movant is not the target of Plaintiff's subpoena; the subpoena was issued to Comcast. Movant is not required to respond to or travel as a result of Plaintiff's subpoena. Movant, therefore, cannot claim any burden as a result of Plaintiff's subpoena. *See, e.g.*, *Voltage Pictures, LLC v. Does 1–5,000*, No. 10-0873, 2011 WL 1807438, at *3 (D.D.C. May 12, 2011) (finding that the movant faced no obligation to produce any information under the subpoena issued to his nonparty ISP and consequently "cannot claim any hardship, let alone undue hardship."); *Call of the Wild Movie v. Does 1–1,062*, No. 10-455, 2011 WL 996786, at *16 (D.D.C. Mar. 22, 2011). The Court should deny Movant's motion because only a subpoenaed ISP could credibly claim they are burdened by Plaintiff's subpoena.

## III. PLAINTIFF'S SUBPOENA DOES NOT SEEK ANY CONFIDENTIAL, PRIVILEGED, OR OTHER PROTECTED MATTER

Movant argues that the subpoena should be quashed because it seeks information that "is protected as confidential, privileged, or other protected matter." (ECF No. 31 ¶ 3, 5.) However, courts have found that the information Plaintiff seeks from the ISPs is not privileged. *First Time*

*Videos, LLC v. Does 1-500*, No. 10-6254 (N.D. Ill. Aug. 9, 2011), ECF No. 151 at *9 (finding that the information sought by the plaintiff is not privileged, "[b]ecause [the defendants] have already shared their subscriber information with their ISPs in order to set up their Internet accounts . . ."; *MGCIP vs. Does 1-316*, No. 10-6677 (N.D. Ill. June, 9, 2011), ECF No. 133 at *2 ("At this stage of the proceedings, [the plaintiff] is merely seeking to identify who the defendants are based on their IP addresses. The Court finds that the subpoenas issued to that end do not require the disclosure of privileged matter . . ."); *Voltage Pictures, LLC*, 2011 WL 1807438, at *3 (D.D.C. May 12, 2011). Because the information sought by Plaintiff is not protected as confidential or privileged the Court should deny Movant's motion.

Movant also cites to Georgia statute, OCGA § 43-39-16, in support of his "confidential or privileged communications" argument. (ECF No. 31 ¶ 5.) This Georgia state law, however, has no relevance to a lawsuit filed in the District Court of the District of Columbia. Further, OCGA § 43-39-16 deals with the privileged communications between a *licensed psychologist* and a client. Again, this is not relevant to the instant case where communications between a psychologist and his or her client are not an issue.

## IV. THE INFORMATION SOUGHT IN THE SUBPOENA IS HIGHLY RELEVANT TO PLAINTIFF'S CLAIMS

Finally, Movant argues the Plaintiff's subpoena should be quashed because "the information sought in the subpoena is "neither relevant to the subject matter of any claim or defense asserted in this litigation nor likely to lead to the discovery of admissible evidence." (ECF No. 31 ¶ 6.) The information sought in the subpoena, however, is highly relevant to Plaintiff's claims. As Plaintiff explains in its discovery motion, "[t]his lawsuit cannot proceed without the limited discovery Plaintiff seeks because the ISPs are the only entities that can identify the otherwise anonymous Defendants." (ECF No. 3 at 11.); *see also Semitool, Inc. v.*

*Tokyo Electron Am., Inc.*, 208 F.R.D. 273 (N.D. Cal. 2002). Plaintiff cannot imagine anything more relevant than the identities of the actual parties in the case. Plaintiff *needs* the information sought to proceed with its case. Because the information sought in Plaintiff's subpoena is highly relevant to its claims, the Court should deny Movant's motion.

## CONCLUSION

The Court should deny Movant's motion. Movant has brought his motion before the wrong court. Movant's burden arguments are misplaced because Movant is under no obligations as a result of the subpoena. Plaintiff's subpoena does not seek any confidential, privileged, or other protected matter. The information sought in the subpoena is highly relevant to Plaintiff's claims.

Respectfully submitted,

AF HOLDINGS, LLC

**DATED:** February 14, 2012

By:    /s/ Timothy V. Anderson
TIMOTHY V. ANDERSON (D.C. Bar # 467166)
Anderson & Associates, PC
2492 N. Landing Road, Suite 104
Virginia Beach, VA 23456
Telephone: (757) 301 – 3636
Facsimile: (757) 301 - 3640
E-mail: timanderson@virginialawoffice.com
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on February 14, 2012, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system and a true and correct copy of the foregoing was sent via first-class mail to the following:

Saliha Hadziomerovic
719 E. Sierra Ave.
Spokane, WA 99208

Marcus J. Truesdale, Sr.
Karen N. Truesdale
10218 W Oregon Ave.
Glendale, AZ 85307

Rimbaud (Rim) N. Boltong
2055 Montrose Dirve
East Point, GA 30344

Maria Reyes
Timothy Drewno
196 Ingalls St., #103
Lakewood, CO 80226

William C. Vergo
1303 Fifth St.
Tillamook, OR 97141

Kasturi Thangri
74 Cotton Street
Jersey City, NJ 07306

Hong Manivong
1088 Casa Drive
Clarkston, GA 30021

                                                                                       /s/ Timothy V. Anderson
                                                                                      TIMOTHY V. ANDERSON